HALL v. GLENN et al.

(District Court, S. D. California, S. D. January, 1917.)

1. EVIDENCE ⬅43(2)—JUDICIAL NOTICE—BANKRUPTCY.
    A court of bankruptcy will take judicial notice of the day on which petition in bankruptcy was filed.

2. BANKRUPTCY ⬅293(2)—FEDERAL COURTS—JURISDICTION.
    Where the parties plaintiff and defendant to a suit by trustee of a bankrupt to set aside an alleged fraudulent transfer were all residents of the same state, and the transfer was made more than a year before the filing of the petition for adjudication, the federal court had no jurisdiction, either by reason of diversity of citizenship or under Bankruptcy Act July 1, 1898, c. 541, §§ 60b, 67, 30 Stat. 562, 564 (Comp. St. 1916, §§ 9644, 9651), respectively, providing for the setting aside of preferential transfers and fraudulent transfers made within four months of filing of petition in bankruptcy.

3. BANKRUPTCY ⬅184(1)—ACTIONS TO SET ASIDE—CONVEYANCE—WHAT LAW GOVERNS.
    In a suit by the trustee in bankruptcy to set aside the bankrupt's transfer of land, under Bankruptcy Act, § 70e (Comp. St. 1916, § 9654), declaring that the trustee may avoid any transfer by the bankrupt which any creditor of the bankrupt might have avoided, the law of the state in which was located the land, the transfer of which the trustee sought to

vacate, governs, and the transfer cannot be set aside, unless subject to attack under such laws.

4. **BANKRUPTCY** ⊂⊃293(2)—**COURTS—JURISDICTION.**

Bankruptcy Act, § 70e, declares that the trustee may avoid any transfer of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder for value prior to the date of the adjudication, and such property may be recovered, or its value collected, from whoever may have received it, except a bona fide holder. Section 23b, as amended by Act June 25, 1910, c. 412, § 7, 36 Stat. 840 (Comp. St. 1916, § 9607), declares that suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt whose estate is being administered by such trustee might have brought or prosecuted by them, if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant, except suits for the recovery of property under section 60b et seq., and section 70e. The trustee of a bankrupt, who was a resident of California, sued to set aside an alleged fraudulent transfer of property located in Washington, made more than four months before the filing of the petition in bankruptcy. The grantees and all other parties were residents of California. *Held* that, as section 70e contemplated, not only the recovery of the property, but the collection of the proceeds from the person receiving the property, the District Court for California, sitting as a Bankruptcy Court, had jurisdiction.

5. **BANKRUPTCY** ⊂⊃293(2)—**ACTIONS—OBJECTIONS TO JURISDICTION.**

While ordinarily, in a creditors' suit, the creditor must first obtain a judgment to give the necessary lien on the property, that question cannot, on objections to the jurisdiction, be raised in suit by trustee in bankruptcy to set aside an alleged fraudulent transfer of the bankrupt, but is a question which might be raised by demurrer.

6. **BANKRUPTCY** ⊂⊃301—**INJUNCTION—RELIEF—RIGHT TO.**

Where a suit by the trustee, attacking an alleged fraudulent transfer by the bankrupt, was treated as one to collect the proceeds of the land transferred, the federal court in which suit was instituted may grant an injunction against transfer or incumbrance of the land involved.

In Bankruptcy. Suit by Pierson M. Hall, as trustee in bankruptcy of the estate of Olive S. Glenn, against Olive S. Glenn, John O. Glenn, her husband, Meredith P. Glenn, and others. On return of an order to show a cause why defendants should not be enjoined from transferring or incumbering the property pending suit. Injunction granted.

C. E. McDonald, of Lewiston, Idaho, for trustee.

S. W. Odell, of Pasadena, Cal., and R. A. Odell, of Los Angeles, Cal., for defendants.

CUSHMAN, District Judge. This is a plenary suit, brought by the trustee to set aside a certain fraudulent conveyance alleged to have been made by the bankrupt of land in the state of Washington, to have the record of these conveyances in Washington canceled, the trustee decreed to be the owner thereof as a part of the bankrupt's estate, and for general relief. The cause is before the court on the return of an order to show cause why defendants should not be enjoined during this suit from transferring or incumbering the real property in question.

One of the defendants, Meredith P. Glenn, to whom the property is alleged to have been fraudulently transferred in order to hinder and delay the creditors, appears specially and objects to the jurisdiction of the court. The bill of complaint states that the bankrupt in June, 1914, executed upon the land in question a mortgage for $15,000, in favor of Meredith P. Glenn; that it was recorded in the auditor's records in King county, Wash., at the same time; that in February, 1915, the bankrupt quitclaimed the premises to Meredith P. Glenn, which deed was recorded at that time; that prior to either of these transactions the bankrupt was indebted to, and still is indebted to, certain named creditors in an amount in excess of $2,000. There is no allegation as to the residence or citizenship of these creditors.

[1] It is alleged that the adjudication in bankruptcy was made in April, 1916. There is no allegation as to when the petition for adjudication was filed, though the records of this court, of which the court will take judicial notice, disclose that the petition was filed the same day.

[2] The parties, plaintiff and defendants, are all citizens and residents of California. The properties are alleged to be of the value of $15,000. The transfers attacked were both made more than a year before filing of the petition for adjudication. There is, therefore, no jurisdiction in the court because of diversity of citizenship, nor under section 60b or section 67 of the Bankruptcy Act.

The cases called to the court's attention by the plaintiff are not in point. Horner-Gaylord Co. et al. v. Miller & Bennett (D. C.) 147 Fed. 295, was brought to set aside a conveyance made within four months of the filing of petition for adjudication. In Thomas v. Woods et al. (C. C. A. 8th Cir.) 173 Fed. 585, 97 C. C. A. 535, 26 L. R. A. (N. S.) 1180, 23 Am. Bankr. Rep. 132, 19 Ann. Cas. 1080, the property was admitted to be the property of the bankrupt, while in the present suit the defendant Meredith P. Glenn is an adverse claimant. The bankruptcy court in that suit was called upon to determine the question of the wife's dower interest in her husband's property, he being the bankrupt. The court had jurisdiction, therefore, of the res. Having jurisdiction of the res, it could determine the interest of all parties therein, including the incidental dower right of the wife. Further, in the above case the court sustained the dower right reversing the lower court. Only if the right had been denied would the case at all support plaintiff in the present suit. The fact has not been overlooked that the case was remanded to the lower court for further consideration. It does not appear whether the court took such course in view of the incidental nature of the dower interest, or because the widow set up her dower interest and asked, if the court found that it had jurisdiction, to preserve such dower interest; that is, she herself invoked the court's jurisdiction. Robertson v. Howard, 229 U. S. 254, 33 Sup. Ct. 854, 57 L. Ed. 1174, 30 Am. Bankr. Rep. 611, was not a case where a federal court in a plenary suit adjudicated rights as between citizens of the same state. It was a review of the decision of the Supreme Court of a state which had erroneously held that, while the individual bank-

rupt's estate passed to the trustee appointed by a court in a state other than that in which the land was, yet nevertheless the trustee could not sell the land in such other state except by ancillary proceedings therein for the purpose.

[3, 4] At the time of the presentation of this matter I was of the opinion that as under section 70e of the Bankruptcy Act the trustee in suing to recover property transferred more than four months prior to the filing of the petition in bankruptcy stood in the shoes of the injured creditor; that is, that the suit being in the nature of a creditor's bill, that the res, the property in Washington sought to be subjected to these claims, upon which the creditor must have a lien, alone fixed the jurisdiction of the court, and that this court was therefore without jurisdiction. I was, and am still, of the opinion that the law of the state of Washington determines whether the transfer in question was one "which any creditor of the bankrupt might have avoided," and that all persons now interested in that property are necessary parties to any suit to "recover" such property. In the position then taken I was probably influenced by the attitude of counsel in treating the case as solely for the recovery of property in Washington, but the complaint contains a prayer for such general relief as in equity plaintiff is entitled, and the value of the property, as pointed out, is alleged to be $15,000. Section 70e of the Bankruptcy Act reads:

"The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder for value prior to the date of the adjudication. Such property may be recovered or its value collected from whoever may have received it, except a bona fide holder for value. For the purpose of such recovery any court of bankruptcy as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

It will be seen that the foregoing section provides not only for the specific recovery of property fraudulently transferred "or its value from the person to whom it was transferred." Under section 23b as amended by Act June 25, 1910, c. 412, § 7, 36 Stat. 840, as a court of primary jurisdiction in a bankruptcy proceeding, this court by the amendment has jurisdiction conferred upon it in a suit to recover the value of property alleged to be fraudulently transferred no matter where situated; that is, if having jurisdiction of the parties, and jurisdiction is probably conferred upon any United States District Court having jurisdiction of the parties for that purpose, but this latter question it is not now necessary to determine. The above section as so amended reads:

"Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant, except suits for the recovery of property under section sixty, subdivision b; section sixty-seven, subdivision e; and section seventy, subdivision e."

[5] Ordinarily in a creditors' suit the creditor would first have to obtain a judgment to give the necessary lien upon the property, but

the bankruptcy of the debtor, which includes insolvency, probably makes of a case such as the present an exception to that general rule, but such question is not now one properly arising on an objection to the jurisdiction, though it might arise upon a general demurrer.

[6] If the suit were one properly before this court for the recovery of the property itself an injunction against further transfer would clearly be one incidental to the suit. While there is more question treating the suit, as I now do, as one for the recovery of its value, instead of for the property itself—the suit being one to uncover fraud, always a subject of jurisdiction in equity, which does not act by halves, the parties to the alleged fraud all being before the court, and equity acting upon the conscience and compelling the individual—it is concluded that even should the court in the end conclude that not the value of the entire property, but only the amount of the claim of the creditors alleged to have been defrauded by the transfer would be the measure of the recovery, yet, if the trustee should recover, an opportunity should be afforded to subject the property so transferred in fraud to the satisfaction of any judgment obtained, and the defendants should therefore be enjoined as prayed until the further order of the court. There having been no hearing on the question of the amount of bond to be required, if any, no order in that connection is made other than that the injunction will continue in effect without bond unless otherwise ordered.